# UNITED STATES DISTRICT COURT

EASTERN _____ District of _____ ARKANSAS

| UNITED STATES OF AMERICA | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | |
| WILLIE WALKER | Case Number: 4:05CR00038 JLH |
| | USM Number: 23582-009 |
| | JAMES W. WYATT |
| | Defendant's Attorney |

**Date of Original Judgment:** _____
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
**X** Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. 2255 or ☐ 18 U.S.C. § 3559(c)(7)
☐ Modification of Restitution Order (18 U.S.C. § 3664)

FILED
EASTERN DISTRICT COURT
JAMES W. ARKANSAS
MAR 29 2006
By: _____ McCORMACK, CLERK
DEP CLERK

**THE DEFENDANT:**

**X** pleaded guilty to count(s)   Count 1 of Indictment
☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.
☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2422(b) | Attempted enticement of a minor, a Class B Felony | 1/28/2005 | 1 |

The defendant is sentenced as provided in pages 2 ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) ___N/A___ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 24, 2006
Date of Imposition of Judgment

_/s/ J. Leon Holmes_
Signature of Judge

J. LEON HOLMES, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

March 29, 2006
Date

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
           Sheet 2 — Imprisonment                                       (NOTE: Identify Changes with Asterisks (*))

Judgment — Page **2** of **6**

DEFENDANT:    WILLIE WALKER
CASE NUMBER:    4:05CR00038 JLH

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term

### 77 MONTHS IMPRISONMENT

**X**   The court makes the following recommendations to the Bureau of Prisons:

**The Court recommends defendant be housed in a facility near his home in Pine Bluff, Arkansas. The Court further recommends defendant participate in mental health counseling with an emphasis on sexual offender treatment, educational and vocational programs during incarceration.**

**X**   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

     ☐   at _____ ☐ a.m. ☐ p.m. on _____ .

     ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐   before 2 p.m. on _____ .

     ☐   as notified by the United States Marshal.

     ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 06/05) Amended Judgment in a Criminal Case  Case 4:05-cr-00038-JLH  Document 68  Filed 03/29/06  Page 3 of 8
Sheet 3 — Supervised Release                                                                                       (NOTE: Identify Changes with Asterisks (*))

Judgment—Page __3__ of __6__

DEFENDANT: WILLIE WALKER
CASE NUMBER: 4:05CR00038 JLH

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of
**THREE (3) YEARS**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- **X** The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- **X** The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- **X** The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- **X** The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the

DEFENDANT: WILLIE WALKER
CASE NUMBER: 4:05CR00038 JLH

## ADDITIONAL SUPERVISED RELEASE TERMS

14) The defendant must participate in mental health counseling specializing in sexual offender treatment under the guidance and supervision of the probation officer and abide by the rules, requirements, and conditions of the treatment program, including submitting to polygraph testing to aid in the treatment and supervision process. The results of the polygraph examinations may not be used as evidence in Court to prove that a violation of community supervision has occurred but may be considered in a hearing to modify release conditions. The defendant must contribute to the costs of such treatment and polygraphs.

15) The defendant must register with the state sexual offender registration agency(s) in any state where he resides, visits, is employed, carries on a vocation, or is a student, as directed by the probation officer.

16) The probation officer will provide state officials with all information required under any sexual predator and sexual offender notification and registration statutes and may direct the defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

17) The defendant must not have direct contact with minors (under the age of 18) without the written approval of the probation officer and must refrain from entering into any area where children frequently congregate including, but not limited to, schools, daycare centers, theme parks, theaters, and playgrounds.

18) The defendant is prohibited from possessing, subscribing to, or viewing any video, magazines, or literature depicting children in the nude or in sexually explicit positions.

Case 4:05-cr-00038-JLH   Document 68   Filed 03/29/06   Page 5 of 8

AO 245C   (Rev. 06/05) Amended Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties
                                                                          (NOTE: Identify Changes with Asterisks (*))

Judgment — Page   5   of   6

DEFENDANT:        WILLIE WALKER
CASE NUMBER:      4:05CR00038 JLH

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $ 100.00    | $ 0      | $ 0             |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

**TOTALS**    $ _____    $ _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

   ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 4:05-cr-00038-JLH   Document 68   Filed 03/29/06   Page 6 of 8

AO 245C    (Rev. 06/05) Amended Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments                                                                (NOTE: Identify Changes with Asterisks (*))
                                                                                        Judgment — Page    6    of    6

DEFENDANT:      4:05CR00038 JLH
CASE NUMBER:    WILLIE WALKER

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☐  Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:
    **SEE ATTACHED FINAL ORDER OF FORFEITURE ENTERED ON 1/19/2006.***

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

UNITED STATES OF AMERICA

v.                                          No. 4:05CR00038 JLH

WILLIE WALKER

FINAL ORDER OF FORFEITURE

WHEREAS, on October 14, 2005, this Court entered a Preliminary Order of Forfeiture, ordering defendant to forfeit:

- a)  One (1) CD disk "Freaks" Vol. 3;
- b)  Ten (10) CD disks;
- c)  Ten (10) 3.5" floppy disks;
- d)  One (1) web cam serial number CV1100407G002426;
- e)  One (1) HP CPU serial number US13910545;
- f)  One (1) Radio Shack printer cable;
- g)  One (1) Power cable for CPU;
- h)  One (1) Epson B241B printer serial number FXFY096543;
- i)  One (1) HP monitor serial number CN20138844;
- j)  One (1) Compaq mouse serial number 4862A011; and
- k)  One (1) HP keyboard serial number 1121101927B.

and

WHEREAS, the United States caused to be published in the Arkansas Democrat Gazette, a newspaper of general circulation, notice of this forfeiture and of the intent of the United States to dispose of the property in accordance with the law and as specified in the Preliminary Order, and further notifying all third parties of their right to petition the Court within thirty (30) days for a hearing to adjudicate the validity of their alleged legal interest in the property; and

WHEREAS, no timely claim has been filed; and

WHEREAS, the Court finds that defendant Willie Walker had an

interest in the property that is subject to forfeiture pursuant to Title 18 U. S. C. Section 2253(a);

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the assets described as:

   a)   One (1) CD disk "Freaks" Vol. 3;
   b)   Ten (10) CD disks;
   c)   Ten (10) 3.5" floppy disks;
   d)   One (1) web cam serial number CV1100407G002426;
   e)   One (1) HP CPU serial number US13910545;
   f)   One (1) Radio Shack printer cable;
   g)   One (1) Power cable for CPU;
   h)   One (1) Epson B241B printer serial number FXFY096543;
   i)   One (1) HP monitor serial number CN20138844;
   j)   One (1) Compaq mouse serial number 4862A011; and
   k)   One (1) HP keyboard serial number 1121101927B.

are hereby forfeited to the United States of America pursuant to Title 18, United States Code, § 2253(m)(7).

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all right, title and interest to the property described above is hereby condemned, forfeited and vested in the United States of America, and shall be disposed of according to law.

SO ORDERED this 19th day of January, 2006.

_____
UNITED STATES DISTRICT JUDGE